[No. 4169.]

## The First National Bank of Denver v. The Board of County Commissioners of Montrose County.

Taxes and Taxation—Unjust Assessment — Appeal—Jurisdiction of Supreme Court.

　Where a petition was presented to the board of county commissioners for a correction of assessment of property for taxation, and from the ruling of the board denying the petition an appeal was taken to the district court, where the petitioner offered to prove the percentage of value at which other property in the county was assessed, which was refused by the court, the refusal of the court to admit the testimony, only involved the construction of a statute and did not involve a constitutional question so as to give the supreme court jurisdiction on appeal.

*Appeal from the District Court of Montrose County.*

Mr. F. D. Catlin and Mr. Charles J. Hughes, Jr., for appellant.

Mr. John Gray, for appellee.

Mr. Justice Steele delivered the opinion of the court.

Before the case was submitted, appellee moved to dismiss the appeal for the reason that this court is without jurisdiction, "because the matter in controversy does not relate to a franchise or freehold nor the construction of a provision of the constitution of the state or the United States, as will appear from the record and abstract filed herein." The court declined to consider the motion at that time because no brief in support thereof was filed. Having examined the record and the briefs, we are now of opinion that the appeal must be dismissed for want of jurisdiction. The facts of the case are as follows:

From the order of the board of county commissioners denying its petitions for a correction of the assessed valuation of certain real property owned by it, and for a refunding of taxes paid which it claims to be excessive, the First National Bank of Denver, (appellant here) appealed to the district court within and for Montrose county. By stipulation, all petitions of the bank were consolidated in the district court. The petitions asked for a rebate of a portion of the taxes of 1897, paid by the bank before the filing of the petition, and for a correction of the assessment of 1898. The bank, upon the trial in the district court, made the following offer of proof: "That the assessed valuation of ditch property in said county is less than twenty per cent. of the real cash value thereof; that the assessed valuation of goods and merchandise is forty per cent. of the real cash value; of ranch property, thirty-three and one-third per cent.; of farm horses, twenty per cent.; of range horses, thirty-three and one-third per cent.; of cattle (farm), twenty per cent.; of sheep, twenty-five per cent; of bank stock, forty per cent.; of railroads, fifteen per cent.; of all property other than town lots, forty per cent. The offer was refused and the appeal of the bank dismissed. Exceptions were duly taken by the bank and an appeal allowed to this court. The refusal of the court to allow proof of the valuation placed by the assessor upon other property of the county is assigned as error.

The action commenced by the bank is authorized by 2 Mills Ann. Stat. § 3839. This section requires that the petition for the purpose of having an alleged unjust or erroneous assessment corrected 'Shall describe the property claimed to be unjustly or erroneously assessed, the sum at which it is as·

sessed, its true cash value, and state what is a just assessment thereof compared with other like property." An appeal is allowed by the same section, "where the petition is denied in whole or in part," to the district court. 2 Mills Ann. Stat. § 3841 is as follows: "The board, or district court, in the consideration of such petition, shall be governed by the values fixed upon other assessable property similarly situated in such county for the purposes of taxation."

No constitutional question fairly debatable is raised. The only question presented for determination is whether, upon the trial of a petition on appeal from the board of county commissioners, the district court, in the consideration of such petition, is to be governed by the assessed valuation placed upon the same character of property as that claimed by the petition to be unjustly or erroneonsly assessed. In determining this, a construction of the statute is alone involved.

The matter in controversy not relating to a franchise or freehold, and the construction of the constitution of the United States or of this state not being necessary to a determination of this cause, this court is without jurisdiction.

The appeal is dismissed, with leave to withdraw the record for filing in the court of appeals.

*Dismssed.*